UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MEADE,<br><br>    Plaintiff,<br><br>v.<br><br>SUSAN BREALL, et al.,<br><br>    Defendants. | Case No. 16-cv-02947-JSC<br><br>**ORDER DISMISSING AMENDED COMPLAINT**<br><br>Re: Dkt. No. 12 |

Plaintiff Michael Meade ("Plaintiff"), proceeding pro se, brings this civil rights action against Defendant San Francisco County Child Protective Services for violation of the 1996 Welfare Reform Act and Violation of the Fourteenth Amendment.[1] (Dkt. No. 12.)[2] The Court granted Plaintiff's application to proceed *in forma pauperis*. (Dkt. No. 4.) After reviewing the initial complaint under 28 U.S.C. § 1915, the Court dismissed Plaintiff's claims for failure to state a claim upon which relief could be granted. (Dkt. No. 10.) Plaintiff has since filed an Amended Complaint ("First Amended Complaint," or "FAC") (Dkt. No. 12), which the Court now reviews under Section 1915. Because the FAC failed to cure all of the deficiencies that the Court identified in the initial complaint, the Court DISMISSES the FAC with leave to amend.

**DISCUSSION**

The factual background of this case is detailed in the Court's Order reviewing the initial

---

[1] Plaintiff initially named a number of individuals as defendants, including a San Francisco Superior Court judge, three employees of the Family and Children's Services department of the Human Services Agency of San Francisco—an agency of the City and County of San Francisco—and two other individuals. (Dkt. No. 1.)

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

complaint under Section 1915, which the Court incorporates here in full. (Dkt. No. 10.) There, the Court noted that this case arises out of events occurring in or around May 2016, when Plaintiff's minor daughter disappeared from the custody of San Francisco County Child Protective Services ("CPS")[3] after a CPS worker removed her from school without a warrant or probable cause. (*Id.*) Plaintiff also alleged that he has been denied visitation rights. (*Id.*) Plaintiff attached an email to the initial complaint that suggested he did not have legal custody of his daughter. (*Id.* at 2-3.) In the initial complaint, he alleged (1) a violation of the Fourth Amendment for the warrantless removal of his daughter; and (2) violation of the 1996 Welfare Reform Act for denial of visitation. (Dkt. No. 1.) He sought the immediate return of his daughter to his custody, as well as $1,000,000 in compensatory damages and $3,000,000 in punitive damages. (*Id.* at 3.)

Reviewing the initial complaint, the Court dismissed with prejudice Plaintiff's second claim arising under the 1996 Welfare Reform Act, noting that the statute does not provide a private right of action for denial of visitation rights. (*Id.* at 6.) In the FAC, Plaintiff still appears to allege a violation of the statute; although there are no supporting allegations in the body of the FAC, the case caption includes it as a claim. (Dkt. No. 12.) Any and all claims under this statute already have been dismissed with prejudice, but for the purposes of clarity, any claims alleging a violation of the 1996 Welfare Reform Act in the FAC are dismissed with prejudice. This means that Plaintiff cannot bring a claim under this statute in any amended complaint.

As for the constitutional claim, the Court construed Plaintiff's claim in the initial complaint as arising under 42 U.S.C. § 1983. So construed, the Court dismissed the claim, noting that whether Plaintiff alleged a violation of his daughter's rights or his own, he "cannot bring suit under the Fourth Amendment" based on the facts alleged. (Dkt. No. 10 at 5.) The Court explained that Plaintiff may be able to bring a claim for violation of the Fourteenth Amendment, but only if he could "allege facts that plausibly establish Defendants' liability[,]" which requires that he be "able to plead that he in fact has parental rights to protect under the Constitution" and

---

[3] There is no agency titled "Child Protective Services" in the City and County of San Francisco. Given that Plaintiff initially named employees of Family and Children Services as defendants, the Court assumes this is the agency Plaintiff means when he refers to "CPS."

facts that "identify which Defendants violated his due process rights and how[.]" (*Id.*) The Court permitted Plaintiff leave to amend to allege such a claim, but warned Plaintiff that the CPS social workers against whom he brought the claim may be protected by qualified immunity. (*Id.*)

In the FAC, Plaintiff now alleges a Fourteenth Amendment violation (Dkt. No. 12 at 1), and the Court construes the claim as arising under Section 1983. The FAC is completely devoid of any factual allegations to support the Fourteenth Amendment claim; in fact, it is devoid of any factual allegations altogether. (*See* Dkt. No. 12 at 1-3.) An amended complaint completely replaces the original complaint, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), so Plaintiff cannot rely on the allegations of the initial complaint to support his claim. This alone warrants dismissal. But even if he could rely on the allegations in the initial complaint, they fail to state a Fourteenth Amendment violation claim.

First, there are no allegations that plausibly establish that Plaintiff has legal custody of his daughter despite the Court's instruction. Second, Plaintiff does not allege which conduct allegedly violated his Fourteenth Amendment right. Third, Plaintiff has brought the claim against the wrong defendant. Instead of bringing constitutional claims against individuals like he did in the initial complaint, Plaintiff now brings his claim against CPS. The proper defendant for a municipal liability claim is the municipality itself—here, the City and County of San Francisco—not its sub-agencies or departments, like CPS. *See Gomez v. Fresno Police Dep't*, No. 1:16-cv-00526-LJO-SKO, 2016 WL 3519297, at *3 (E.D. Cal. June 27, 2016) ("Plaintiff cannot pursue a civil rights claim against the Child Protective Services department.") (citations omitted). Thus, CPS is an improper defendant and the claim against it must be dismissed. This means that Plaintiff cannot bring any constitutional claims against CPS (or any other municipal sub-agency) in any amended complaint.

To the extent that Plaintiff seeks to bring a claim of municipal liability—*i.e.*, claims against the County rather than the individual CPS workers he named as defendants in the initial complaint—he also fails to state a claim for this type of violation. Local governments are "persons" subject to liability under Section 1983 where official policy or custom causes a constitutional tort. *See Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658,

690 (1978). However, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of vicarious liability. *See Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Rather, to impose municipal liability, a plaintiff must show that: (1) he possessed a constitutional right of which he was deprived; (2) the entity had a policy; (3) the policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Here, Plaintiff has not alleged the existence of any official policy of San Francisco County, that the policy amounts to deliberate indifference to his rights, or that the policy was the moving force behind the alleged violation of these rights. Accordingly, the FAC fails to state a claim for relief based on municipal liability. The Court will give Plaintiff leave to amend to set forth the factual elements, as described above, establishing municipal liability for any alleged constitutional violation. If Plaintiff instead prefers to bring the Fourteenth Amendment claim against individual CPS workers, he must clarify which individuals violated his rights and how.

## CONCLUSION

For the reasons described above, Plaintiff's FAC fails to state a claim on which relief may be granted and therefore must be dismissed pursuant to Section 1915(e). Plaintiff may file a new amended complaint by **December 9, 2016** to correct the pleading defects discussed above. If he does not file an amended complaint by that date, the case will be dismissed without prejudice to Plaintiff pursuing his claims in state court.

The Initial Case Management Conference is re-scheduled for **December 22, 2016 at 1:30 p.m.**

As Plaintiff is proceeding pro se, the Court encourages him to seek free assistance from the Northern District's Pro Se Help Desk, United States Courthouse, San Francisco, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco CA 94102, or the Help Desk at the Oakland Federal Courthouse, 1301 Clay Street, 4th Floor, Room 470S, Oakland CA 94612. Plaintiff can make an appointment in person or by calling 415-782-8982.

**IT IS SO ORDERED.**

Dated: November 18, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL MEADE,

    Plaintiff,

v.

SUSAN BREALL, et al.,

    Defendants.

Case No. 16-cv-02947-JSC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 18, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Meade
1243 North Point Drive #F
San Francisco, CA 94130

Dated: November 18, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Karen Hom, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY